# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00343 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNNAMED,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that unnamed defendants are preventing him from obtaining evaluation and treatment for a shoulder injury and denying him eye glasses. The plaintiff has not prepaid the necessary filing fee to proceed with this action, so I will presume that he wishes to apply to proceed in forma pauperis. Upon review of the record, I find that this lawsuit must be summarily dismissed under 28 U.S.C. § 1915(g), because the plaintiff has previously had at least three federal lawsuits dismissed as frivolous or for failure to state a claim and has not shown imminent danger of physical harm related to his present claims.

Plaintiff Levi Springer is an inmate at Red Onion State Prison. Springer alleges that on May 29 and June 3, 2014, officers assaulted him, crushed the right side of his eye glasses, "dislocated" his shoulder, and injured his back. He states that three prison nurses have assessed Springer's injuries, scheduled him for sick call and a doctor's appointment, but that "defendants" (apparently Red Onion officers not identified by name in the pleading) have "refuse[d] to allow [him] any medical treatment."[1] Springer states that he is experiencing continued pain and limited motion in his arm and back and fears that he faces "possible permanent los[s] of normal use of his right arm and back." He asks the court to order prison officials to allow him to see a doctor, receive X rays, and be referred for surgery or therapy. He fears that "the defendants will intimidate or manipulate the doctor into not even ordering any x-ray to prescribe correct treatment," absent a court order.

Springer also alleges that he is nearsighted, but cannot use his partially crushed glasses. He states that he has repeatedly asked the medical staff to let him "see the eye doctor for another prescription for eye glasses and the defendants refuse in conjunction with medical to allow him to have glasses."

---

[1] Springer filed his current pleading as a Motion for Temporary Restraining Order and Preliminary Injunction in a prior lawsuit, which I summarily dismissed under 28 U.S.C. § 1915(g). *Springer v. Messer*, No. 7:14CV00324 (W.D. Va. July 14, 2014). I denied the motion as inappropriately filed in that case and directed the Clerk to file the pleading as a new § 1983 complaint in this separate civil action.

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, which is the in forma pauperis statute. One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

The "imminent danger" exception to § 1915(g)'s three strikes rule is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). General allegations that are not grounded in specific facts, which indicate that "the conduct complained of threatens continuing or future" serious physical injury, are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. Apr. 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g),

based on three strikes) (citing *Springer v. Shaw*, No. 1:09-cv-1339 (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-1392 (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, 1:10-cv-1445 (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed in forma pauperis only if he can show imminent danger of serious physical injury. § 1915(g).

Springer alleges in the most general terms that unidentified prison officers have prevented him in some unspecified manner from attending scheduled appointments with the doctor and denied him from receiving any shoulder treatment or eye glasses. Such conclusory assertions, unsupported by any factual matter, are not sufficient to show a "real and proximate" threat, so as to trigger the § 1915(g) exception to the three-striker prepayment requirement. *Lewis*, 279 F.3d at 531. Moreover, Springer offers no indication that he has filed grievances to appropriate prison supervisors and administrators about the alleged interference with his medical care. Under 42 U.S.C. § 1997e(a), until he demonstrates that he has exhausted available administrative remedies, he may not bring a civil action on these issues. Similarly, until Springer has sought relief through the prison's administrative procedures for his medical problems, he cannot demonstrate that continued or future physical harm is "imminent," as he may yet achieve that relief

through administrative action."[2]   Finally, Springer fails to demonstrate any physical harm he will suffer from being without eye glasses.

For these reasons, I cannot find that Springer has shown imminent danger of physical harm as required under § 1915(g) so as to allow him to proceed by paying the filing fee through installments.  Because the records reflect that Springer has at least three strikes under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm related to his present claims, I must deny his application to proceed in forma pauperis in this civil action under § 1915(g).  As he also has not prepaid the $350 filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice and deny his motion seeking interlocutory injunctive relief.

A separate Final Order will be entered herewith.

DATED:   July 24, 2014

/s/  James P. Jones
United States District Judge

---

[2] For the same reasons, Springer's allegations do not warrant the interlocutory injunctive relief he seeks.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (holding that plaintiff seeking preliminary relief must demonstrate that irreparable injury is likely in the absence of an injunction and not merely a possibility).

-5-